FILED
IN OPEN COURT

AUG 22 2022

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:22-CR-155 |
| GINGER LILLIAN CARLIN, | |
| *Defendant*. | |

## STATEMENT OF FACTS

The United States and the defendant, Ginger Lillian Carlin, agree that the following facts are true and correct, and that had this matter proceeded to trial, the United States would have proven them beyond a reasonable doubt with admissible and credible evidence:

1.     Between in and around March 2019 through August 2019, in the Eastern District of Virginia and elsewhere, the defendant, GINGER LILLIAN CARLIN, did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree with J.M. and others both known and unknown, to unlawfully, knowingly, and intentionally distribute 50 grams or more of methamphetamine (actual), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

2.     During the course and in furtherance of this conspiracy, the defendant was personally involved in the distribution of, or it was reasonably foreseeable to the defendant that her co-conspirators would distribute in furtherance of the conspiracy, at least 150 grams but not more than 500 grams of methamphetamine (actual).

3.     The defendant was a methamphetamine dealer and resided in Maryland.  She obtained methamphetamine from local individuals as well as individuals operating on the dark web.  She had several customers who lived in Virginia, including J.M.  J.M. worked with C.W.

to redistribute methamphetamine he bought from the defendant to users in and around Fredericksburg, Virginia and Stafford County, Virginia.

4.      J.M. purchased methamphetamine from the defendant approximately six times. Initially, he bought smaller quantities, but increased the quantity he purchased to three or four ounces.

5.      On or about August 11, 2019, the defendant directed J.M. to meet the defendant at Room 215 of the Best Western motel in La Plata, Maryland.   There, J.M. bought a quantity of methamphetamine from the defendant.

6.      On or about August 25, 2019, J.M. traveled from Virginia to Maryland to buy methamphetamine from the defendant.   Thereafter, he returned to a hotel in Fredericksburg, Virginia, where law enforcement approached him as he was getting off his motorcycle.   J.M. admitted that he had approximately three ounces of methamphetamine, which he had purchased from the defendant, on his person.   The methamphetamine was approximately 96.7% pure.

7.      Law enforcement searched J.M.'s phone and found messages between J.M. and the defendant pertaining to methamphetamine sales, as well as photographs of distribution quantities of methamphetamine rocks, digital scales, and U.S. currency.

8.      This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States.   It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

9.      The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

10.     If the defendant breaches the plea agreement, then pursuant to the plea agreement, she waives any rights under Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence

410, the United States Constitution, and any federal statute or rule in objecting to the admissibility of the statement of facts in any such proceeding.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By:   _____

Bibeane Metsch
Assistant United States Attorney
Madeleine S. Case
Special Assistant United States Attorney

3

**Defendant's signature:** After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, GINGER LILLIAN CARLIN, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial the United States would have proved the same beyond a reasonable doubt.

Date: _8/22/22_

_____
Ginger Carlin
Defendant

**Defense counsel signature:** I am the defendant's attorney.   I have carefully reviewed the above Statement of Facts with her.   To my knowledge, her decision to stipulate to these facts is an informed and voluntary one.

Date: _8/22/22_

_____
Thomas B. Walsh, Esq.
Attorney for the Defendant

4